IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREEN TREE SERVICING LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>RHONDA D. DILLARD and JOSEPH KARL DILLARD, *wife and husband*, BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, and COUNTRYWIDE HOME LOANS, INC.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 14-8058 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

In this foreclosure action, pro se Defendants Rhonda D. Dillard and Joseph Karl Dillard (hereinafter, "Defendants") move for reconsideration of the Court's February 27, 2015 Order remanding this matter to the Superior Court of New Jersey, Chancery Division, Camden County, Docket No. CAM-F-042641-14. See generally Green Tree Servicing LLC v. Dillard, ___ F. Supp. 3d ____, 2015 WL 849044 (D.N.J. Feb. 27, 2015). The Court finds as follows:

1. Plaintiff Green Tree Servicing LLC (hereinafter, "Plaintiff") filed its initial state court Complaint for Mortgage Foreclosure on October 8, 2014. [See Docket Item 1.] In its Complaint, Plaintiff generally seeks to foreclose Defendants' interests in certain real property, as a result of

their failure to make timely mortgage payments.  [See Docket Item 1-1 at 1-8.]  On December 29, 2014, Defendants removed this action to this federal Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 [see Docket Item 1],[1] and Plaintiff's motion to remand followed on February 3, 2015.  [See Docket Item 6.]

    2.  In its February 27, 2015 decision on Plaintiff's motion, the Court found that the sole basis for removal amounted, in essence, to Defendants' position that Plaintiff constituted a debt collector under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (hereinafter, the "FDCPA") and/or that Plaintiff's conduct relative to its foreclosure action had, in some respect, violated the Consumer Credit Cost Disclosure Act, 15 U.S.C. §§ 1601, et seq. (hereinafter, the "CCCDA").  See Green Tree Servicing LLC, ___ F. Supp. 3d ____, 2015 WL 849044, at *2.  The Court emphasized, however, that the jurisdictional inquiry relative to removal concerns only "the claims and theories specifically alleged in the complaint."  Id. (citation omitted).  Therefore, because Plaintiff's Complaint "relie[d] exclusively upon state law," the

---

[1] Defendants, did not allege, nor could they allege, that diversity jurisdiction under 28 U.S.C. § 1332 provides an independent basis for removal.  See Green Tree Servicing LLC, ___ F. Supp. 3d ____, 2015 WL 849044, at *2 n.3 (discussing diversity jurisdiction).

2

Court found Defendants' reliance upon a federal defense and/or a federal counterclaim inadequate to create subject matter jurisdiction.  <u>Id.</u>  The Court, accordingly, granted Plaintiff's motion, and remanded this action to state court.[2]  <u>See</u> <u>id.</u>

3. In moving for reconsideration, Defendants argue, for the second time, that Plaintiff's Complaint "exude[s]" federal questions under the FDCPA.  [Docket Item 11 at 4.]  Defendants therefore submit that the Court should retain its "original jurisdiction" pursuant to 28 U.S.C. §§ 1331 & 1441.  [<u>Id.</u> at 10.]  The Court, however, need not belabor Defendants' position.

4. Local Civil Rule 7.1(i) provides that a party moving for reconsideration must set forth "concisely the matter or controlling decisions which the party believes" the Court "overlooked" in its prior decision, and must rely upon one of the qualifying bases.  L. CIV. R. 7.1(i).  Defendants' submission, however, fails to identify an intervening change in controlling law, the presence of new, previously unavailable, evidence, nor the need to correct a clear error of law or to prevent manifest injustice, as required by the Local Rule.[3]  <u>See</u>

---

[2] The Clerk of Court, in turn, transmitted a certified copy of the Court's Order to the Clerk of the Superior Court of New Jersey for purposes of reinstating this action to the Superior Court's active docket.  [<u>See</u> Docket Item 8.]

[3] Indeed, Plaintiff opposes Defendants' motion on precisely that basis.  [<u>See</u> Docket Item 12 at 1 (arguing that Defendant "raises no legal argument" to provide any basis "for the Court to disturb its prior decision").]

Max's Seafood Café ex rel. Lou-Ann, Inc., v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Rather, Defendants merely recapitulate their prior position concerning the FDCPA, among other federal statutes, and again claim that these defenses and/or counterclaims provide this Court with original federal question jurisdiction.[4] [See generally Docket Item 11.] Nevertheless, it is well established that these sorts of assertions fail to trigger federal question jurisdiction, see Green Tree Servicing LLC, ___ F. Supp. 3d ____, 2015 WL 849044, at *2 (collecting cases), and Defendants' disagreement with the Court's application of this established law fails to make a case for reconsideration under Local Civil Rule 7.1(i). See Tishcio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998) (noting that a motion for reconsideration constitutes an extremely limited procedural vehicle, and does "not provide the parties with an

---

[4] Defendants further assert that the notice of motion filed by Plaintiff in connection with its motion to remand gave rise to a contract that precluded this action from being remanded prior to March 2, 2015. [See Docket Item 11 at 2-4, 10.] The Court, however, finds this position without merit. Indeed, the language in Plaintiff's notice of motion [see Docket Item 6] reflects its adherence to the Court's procedural rules for filing, not an expression of an intention to contract with Defendants. See Doyle v. Turner, No. 86-2792, 1993 WL 183788, at *14 n.12 (S.D.N.Y. 1993) (generally stating that a notice of motion serves only to "announce" the movant's "purpose" in seeking relief). Nor, in any event, does it bear the requisite indicia of an enforceable contract. See Gutwirth v. Woodford Cedar Run Wildlife Refuge, 38 F. Supp. 3d 485, 491 (D.N.J. 2014) (citation omitted) (setting forth the elements of a contract under New Jersey law).

4

opportunity for a second bite at the apple"); see also Schiano v. MBNA Corp., No. 05-1771, 2006 WL 3831225, *2 (D.N.J. Dec. 28, 2006) (finding that mere disagreement "should be dealt with through the normal appellate process").

5. For all of these reasons, Defendants' motion will be denied. **Defendants remain free to pursue their federal defenses and/or counterclaims before the state court.** An accompanying Order will be entered.

 July 7, 2015                              s/ Jerome B. Simandle 
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge